Houck, J.
This case is here on appeal from the common pleas court of Muskingum county, Ohio, and is submitted to this court on demurrer to the petition and the two supplements thereto.
The question to be determined by this court is: Do the petition and the two supplements thereto state a cause of action?
The allegations and facts stated in said pleadings are well known to counsel and for that reason will not be set out in detail in this opinion.
It is practically conceded by counsel that if the paper writing upon which the petition is based is a lease, then the executors were and are without authority in law to make and enter into the contract contemplated thereby, leasing the real estate of their decedent.
*242 This brings us directly to the question: What is the paper writing now before us and what is its force and effect in law, as applied to the parties hereto ?
A careful examination of all the authorities cited by counsel, as well as an examination of some not cited, clearly convinces us that in Ohio the paper writing in question is a lease with all the elements incident thereto.
We think the rule is so well known that it needs no comment here, that an executor has no right to mortgage, lease, rent, or in any way encumber the reál estate of his decedent, unless such executor is so authorized and empowered in the will of his decedent.
If the paper writing now before us for construction were properly executed it in law would be a lease, and even then, no authority having been given the executors of the will of John Staker, deceased, to make such contract or execute a lease on the real estate of which he died seized, it follows that said executors were and are without power or authority in the premises.
We do not think it necessary to discuss any of the other questions raised by counsel in the instant case, because the one already passed upon and determined by this court isi decisive of the case so far as the demurrer is concerned.
Thus it follows, and we are unanimous in our conclusion, that the demurrer is well taken and must be sustained.

Demurrer sustained.

Shields and Patterson, JJ., concur.